## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas K. Harris,<br><br>        Plaintiff,<br><br>v.<br><br>Juvenile Court Saint Paul Minnesota;<br>Dana Jobart Hayes; Paul McDonal;<br>Patricia Stotzheim; LuNhia Yang; Randy<br>Crooms; Theresa, last name unknown;<br>and Juvenile Court Division,<br><br>        Defendants. | Civ. No. 16-4007 (DWF/BRT)<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Douglas K. Harris brings this action contesting the result of child-custody proceedings in Minnesota state court. Harris did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) That IFP application was granted in the United States District Court for the Western District of Michigan (where Harris initially filed this action), but the matter was then transferred to this District pending review under 28 U.S.C. § 1915(e)(2)(B).

On December 9, 2016, this Court conducted a review under § 1915 and noted several deficiencies with Harris's initial Complaint. (*See* Doc. No. 7.) Rather than recommend dismissal of the Complaint, however, this Court provided Harris with an opportunity to file an Amended Complaint. Harris has since done so (*see* Doc. No. 8), and this case is once again before the Court for review under § 1915.

"The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582 (1859), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation altered). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*. Although not everything alleged in Harris's Amended Complaint is clearly pleaded, it is apparent that Harris alleges that the child-custody decision that resulted in the removal of his child from his custody was incorrect. Harris therefore seeks to have the Court intervene in those state-court proceedings and return the child to his custody. But questions concerning child custody are left entirely to the state courts to answer. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). This Court cannot, as Harris requests, vacate or nullify custodial determinations made by the Minnesota state courts. Because the domestic-relations exception deprives the Court of jurisdiction, it is recommended that this action be dismissed without prejudice.

Even if the Court did have jurisdiction over this action, however, dismissal would nevertheless be appropriate. An action will be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the

provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

     Although Harris alleges that the child-custody proceedings did not fully comport with the law, the Amended Complaint does not establish the violation of any specific legal right. For example, Harris suggests that the child should not have been removed from his custody and the custody of the child's mother because the mother suffers from several disabilities and therefore (Harris claims) the removal violates the Americans with Disabilities Act. But Harris's allegations in this regard are conclusory. Even if each of the factual allegations is true, there is no reason from the Amended Complaint to establish that the Defendants acted with animus towards the mother during the custody proceedings on account of her disabilities. Much the same can be said of Harris's suggestions that his constitutional rights were violated in state court; there is no basis

from the Amended Complaint to establish this. Thus, even if this Court did have jurisdiction over the matter, dismissal would nevertheless be appropriate.

Finally, Harris has moved for default judgment on account of Defendants' failure to respond to the Amended Complaint. (*See* Doc. No. 9.) The Defendants here, however, were under no obligation to respond to the Complaint because they have not yet been properly served. *See* Fed. R. Civ. P. 4. Entry of default judgment would therefore be inappropriate, even if this Court had jurisdiction over this matter — which, again, it does not. Accordingly, Harris's motion for default judgment (Doc. No. 9) should be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The motion for default judgment of Plaintiff Matthew K. Harris (Doc. No. 9) be **DENIED**.


Dated: February 8, 2017             *s/ Becky R. Thorson*
                                    BECKY R. THORSON
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.